# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER EDWARD JEROME BIEROS, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | NO. 09-2286 |
| RAYMOND LAWLER, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this        day of                  , 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, the Response thereto, and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin dated December 29, 2009, IT IS HEREBY ORDERED that:

1. the R&R is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
J. CURTIS JOYNER, J.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
ROGER EDWARD JEROME BIEROS,         :   CIVIL ACTION
                                    :
          Petitioner                :
                                    :
     v.                             :   NO. 09-2286
                                    :
RAYMOND LAWLER, et al.,             :
                                    :
          Respondents               :
_____:
```

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Presently before the Court is a *pro se* Petition for Writ of Habeas Corpus filed by the Petitioner, Roger Edward Jerome Bieros ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution in Huntingdon, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

### I.   FACTS AND PROCEDURAL HISTORY[1]

On July 24, 2002, following a jury trial before the Honorable James A. Lineberger, Petitioner was found guilty of attempted murder, aggravated assault, and possession of an instrument of crime. On January 29, 2002, Judge Lineberger

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the attachments to those pleadings. In addition, this Court ordered and reviewed the state court record in this matter and the information contained in the state court record has been considered and incorporated into this Report and Recommendation.

sentenced Petitioner to an aggregate term of thirteen to twenty-five years imprisonment.

In lieu of filing a timely direct appeal from his convictions, Petitioner sought federal habeas relief on June 17, 2002. Less than one month later, on July 3, 2002, Petitioner filed a second habeas petition. This Court dismissed his first petition without prejudice for failure to exhaust state remedies on June 21, 2003. Subsequently, on November 15, 2002, the second petition was dismissed on the same grounds.

On February 6, 2003, Petitioner filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq.*, seeking reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court granted Petitioner the requested relief on October 6, 2003. Following the appointment of counsel, Petitioner filed a notice of appeal to the Pennsylvania Superior Court, dated October 26, 2004. Petitioner then sought to proceed *pro se*, which request was granted, and he subsequently filed a *pro se* brief with the Superior Court.

On October 4, 2004, just prior to the PCRA court's reinstatement of Petitioner's direct appeal rights, Petitioner filed a third Petition for Writ of Habeas Corpus, alleging that the state courts were delinquent in acting on his PCRA petition. This Court again dismissed the petition without prejudice, on

2

April 28, 2005, for failure to exhaust state court remedies, finding no inordinate delay.  Subsequently, the Third Circuit denied Petitioner's request for a certificate of appealability.

Petitioner filed a fourth Petition for Writ of Habeas Corpus on January 18, 2007.  In so doing, Petitioner again argued inordinate delay by the state courts.  On June 13, 2007, this Court again found no inordinate delay and dismissed the petition without prejudice for failure to exhaust state court remedies.  On November 7, 2007, the Third Circuit denied Petitioner's request for a certificate of appealability.

By memorandum decision filed April 7, 2008, the Pennsylvania Superior Court dismissed Petitioner's appeal, finding that his brief was "wholly inadequate" for the court to "conduct a meaningful review," and affirmed the judgment of sentence of the trial court.  <u>Commonwealth v. Bieros</u>, 953 A.2d 823 (Pa. Super. 2008)(table); Response, Ex. C.  Petitioner's request for reconsideration was denied on May 19, 2008.  He did not seek discretionary review by the Pennsylvania Supreme Court.

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on May 20, 2009.  On June 25, 2009, this case was referred by the Honorable J. Curtis Joyner for preparation of a Report and Recommendation.  The Response to the Petition was filed on September 23, 2009.  Respondents deny that Petitioner is entitled to a grant of his Petition because they claim that his

allegations, to the extent they are decipherable, are procedurally defaulted. Thus, Respondents contend that the Petition should be dismissed with prejudice.

## II. STANDARD OF REVIEW

### A. HABEAS CORPUS PETITIONS

A habeas corpus petition can only succeed if Petitioner can show that (i) the state court's resolution of his claim was contrary to, or an objectively unreasonable application of, clearly established federal law and (ii) his claim is exhausted. See 28 U.S.C. § 2254(d)(1); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002); Berryman v. Morton, 100 F.3d 1089, 1103 (3d Cir. 1996).

An objectively unreasonable application does not require merely that a state court's decision be erroneous or incorrect, but also that it be unreasonable. Williams v. Taylor, 529 U.S. 362, 407 (2000). Clearly established federal laws are the holdings, not the dicta of the Supreme Court. Id. at 390.

### B. EXHAUSTION AND PROCEDURAL DEFAULT

Exhaustion requires that the claims have been presented at all available levels of the state judicial system before being presented in a habeas corpus petition. See Anderson v. Harless, 459 U.S. 4, 7 (1982). If a petition's claims have not been exhausted, and a petitioner is time-barred from presenting those claims in state court, the claims are procedurally defaulted and

4

will not be reviewed on the merits.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  However, a procedurally defaulted claim may still succeed where a petitioner can show either (i) cause for the default and actual prejudice, or (ii) that the failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 749 (1991).  Cause exists when a petitioner demonstrates "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir.), cert. denied, 537 U.S. 897 (2002)(quoting Coleman, 501 U.S. at 753).  Prejudice means that the alleged error worked to the petitioner's actual and substantial disadvantage.  United States v. Rodriguez, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001)(quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A fundamental miscarriage of justice occurs if a petitioner presents new evidence and shows that "it is [now] more likely than not that no reasonable juror would have convicted him."  Schlup v. Delo, 513 U.S. 298, 327 (1995); Keller v. Larkins, 251 F.3d 408, 415-416 (3d Cir. 2001).  The burden is on the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually

5

innocent." Schlup, 513 U.S. at 327.

### III. DISCUSSION

Initially, we note that Petitioner's claims are incognizable. As noted by Respondents in their brief in opposition, Petitioner's decision to disregard the questions on the habeas form has made it virtually impossible to decipher the claims in his Petition. (Response at 3.) It is Petitioner's burden to articulate his allegations in a clear and direct manner. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991), cert. denied, 502 U.S. 902 (1991)(petitioner could not meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense). See also Mayberry v. Petsock, 821 F.2d 179, 187 (3d Cir. 1987), cert. denied, 484 U.S. 946 (1987)(petitioner's vague and general allegations fail to make sufficient showing to justify relief). Because Petitioner fails to assert his claims in a distinct, straightforward manner, he has failed to provide this Court with sufficient grounds which would entitle him to habeas relief.

Setting aside the incognizable issue, we conclude that Petitioner's claims are nonetheless procedurally barred because he failed to properly present them to the state courts and, as a

6

result, did not exhaust his state court remedies with respect to his claims. Petitioner should have alerted the state courts to the fact that he was asserting these claims under the United States Constitution. Duncan v. Henry, 513 U.S. 364, 365-366 (1995). Petitioner is now time-barred from presenting these claims to the state court. Thus, these claims are technically exhausted, but review on the merits is procedurally barred. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In this matter, the Pennsylvania Superior Court dismissed Petitioner's *nunc pro tunc* appeal, finding that his *pro se* brief was "wholly inadequate" for the court to "conduct a meaningful review." Commonwealth v. Bieros, 953 A.2d 823 (Pa. Super. 2008)(table); Response, Ex. C. More specifically, the Superior Court noted that

> [Petitioner] has presented a Statement of Questions Involved that violates Pa.R.A.P. 2116, as it is twenty-three pages in length and contains forty questions. There is no Argument section, which violates Pa.R.A.P. 2119. Additionally, the 'History of Case and the Procedural History' rambles for forty pages without any subdivision or headings. Ordinarily we excuse even egregious violations of the Pennsylvania Rules of Appellate Procedure. Nevertheless, where as here, [Petitioner] has failed to articulate arguments in support of his claims and where the brief is amorphous and almost nonsensical, we have no choice but to deem all the issues waived. ***See Commonwealth v. Garcia***, 661 A.2d 1388, 1395 (Pa. Super. 1995).

Commonwealth v. Bieros, 953 A.2d 823 (Pa. Super. 2008)(table);

7

Response, Ex. C.

As correctly noted by Respondents in their brief, "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). A state procedural rule provides an "independent and adequate" basis for precluding federal review of a petitioner's claims when it is separate from, and not intertwined with, any federal law or rule, and is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988); see also James v. Kentucky, 466 U.S. 341, 348-349 (1984).

Courts in this district have repeatedly determined that both Rules 2116 and 2119 of the Pennsylvania Rules of Appellate Procedure, are independent and adequate. See Kirnon v. Klopotoski, 620 F. Supp. 2d 674, 683-684 (E.D. Pa. 2008)(Yohn, J.)(collecting cases and holding that Pa.R.A.P 2116 and 2119 "offer clear guidelines for compliance, and careful review confirms that state and federal courts have applied these rules consistently").[2] Accordingly, Petitioner's failure to comply

---

[2] In making this determination in Kirnon, Judge Yohn considered the following cases:

Williams v. Folino, 2008 U.S. Dist. LEXIS 7892, 2008

with Rules 2116 and 2119 of the Pennsylvania Rules of Appellate Procedure constitutes procedural default of his claims and federal review is precluded.

As indicated above, if a petitioner's claims have been procedurally defaulted, a federal court cannot review these claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To satisfy the cause and prejudice requirement, courts have held that cause exists when a petitioner demonstrate[s] "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir.

---

WL 336306, *5 (E.D. Pa. Feb. 4, 2008)(noting that failure to comply with Rule 2116 constitutes default and that state courts consistently apply rule); Washington v. Patrick, 2007 U.S. Dist. LEXIS 80144, 2007 WL 3231705, *1 (E.D. Pa. Oct. 30, 2007)(holding that failure to comply with Rule 2119 constituted adequate and independent state ground for dismissal of habeas claim); Commonwealth v. Love, 2006 Pa. Super. 76, 896 A.2d 1276, 1287 (Pa. Super. Ct. 2006) (noting that compliance with Rule 2119(a) is "[o]f particular importance" and reminding that "[i]t is not the duty of the Superior Court to act as an appellant's counsel"); Commonwealth v. Burkett, 2003 Pa. Super. 293, 830 A.2d 1034, 1038 (Pa. Super. Ct. 2003) (dismissing sufficiency claim as underdeveloped pursuant to Rule 2119(a)); Thomas v. Elash, 2001 Pa. Super. 214, 781 A.2d 170, 176-77 (Pa. Super. Ct. 2001) (reasoning that compliance with Rule 2116(a) is mandatory and holding that failure to comply precludes review of the substantive claim).

Kirnon, 620 F. Supp. 2d at 684 n.6.

9

2004)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir.), cert. denied, 537 U.S. 897 (2002)(quoting Coleman, 501 U.S. at 753). The cause must be "something that cannot fairly be attributed to the petitioner." Johnson v. Klem, No. CIV.A. 04-410, 2004 WL 1175575, at *2 (E.D. Pa. May 26, 2004)(quoting Coleman, 501 U.S. at 753). Prejudice means that the alleged error worked to the petitioner's actual and substantial disadvantage. U.S. v. Rodriguez, 153 F. Supp.2d 590, 594 (E.D. Pa. 2001)(quoting U.S. v. Frady, 456 U.S. 152, 170 (1982)). In alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claims will result in a "miscarriage of justice." Johnson, 2004 WL 1175575, at *2 (citing Werts v. Vaughn, 228 F.2d 178, 193 (3d Cir. 2000)). To show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. Cristin, 281 F.3d at 412 (citing Keller v. Larkins, 251 F.3d 408, 415-416 (3d Cir. 2001)). To establish the requisite probability of actual innocence, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner does not address his default of these

claims. Petitioner's failure to address or attempt to excuse his default precludes federal habeas review of defaulted claims. See Teague v. Lane, 489 U.S. 288, 298 (1989). Moreover, Petitioner does not allege or demonstrate cause and prejudice or a fundamental miscarriage of justice, which would allow review of his claims.[3] Accordingly, we are precluded from review and his claims must be denied.

## IV. **CERTIFICATE OF APPEALABILITY**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue.

For all of the foregoing reasons, I make the following:

---

[3] According to Respondents, and as confirmed by our review of the state court record in this matter, the state court had appointed counsel for Petitioner at trial and during appeal. In both instances, Petitioner refused to cooperate with counsel and insisted on proceeding *pro se*. In both instances, the state court held a hearing on the issue and granted Petitioner's requests, allowing him to proceed *pro se*. Petitioner, therefore, cannot assign blame to anyone else for the procedural deficiencies in his brief on direct appeal.

**RECOMMENDATION**

AND NOW, this 29th day of December, 2009, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE